**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

                Plaintiff,

-vs-                                      Case No.  6:15-cv-1240-Orl-40GJK

**$98,687.79 IN U.S. CURRENCY,**

                Defendant.

_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **UNITED STATES' MOTION FOR DEFAULT JUDGMENT OF FORFEITURE (Doc. No. 13)** |
| **FILED:** | December 10, 2015 |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

**I.    BACKGROUND.**

On January 31, 2015, the United States (the "Government") filed a Verified Complaint for Forfeiture *In Rem* (the "Complaint") against approximately $98,687.79 in U.S. Currency (the "Funds"). Doc. No. 1. In the Complaint, the Government alleges the Funds were seized on February 9, 2015 from Han Soo Choe's rental storage unit by agents of the Department of Homeland Security ("DHS"). Doc. No. 1 at 1-2. The Funds were seized, pursuant to 21 U.S.C.

§ 881(a)(6) "as moneys furnished by a person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate a violation of the Controlled Substances Act." Doc. No. 1 at ¶ 1.

According to the Complaint, DHS agents were alerted to Mr. Choe through a confidential informant. Doc. No. 1 at ¶¶ 9-13. DHS agents surveilled Mr. Choe enter and exit an Extra Storage Space located in Orlando, Florida, and they obtained a video showing Mr. Choe moving bags and a safe into a storage unit. Doc. No. 1 at ¶¶ 15-17. On February 2, 2015, a video showed Mr. Choe enter the storage unit without any items, but leaving three minutes later with a satchel. Doc. No. 1 at ¶ 18. On February 9, 2015, a canine officer alerted to the presence of narcotics on the exterior of the storage unit. Doc. No. 1 at ¶ 20. A search warrant was thereafter obtained for the storage unit, where the Funds were seized, along with a half pound of marijuana and 30 grams of psilocybin (mushrooms). Doc. No. 1 at ¶ 22. Mr. Choe's vehicle was searched and approximately 15 pounds of marijuana and $11,000.00 were found in the vehicle. Doc. No. 1 at ¶ 25.

Pursuant to Supplemental Rule G(4)(a)(i) & (iv)(C), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), the Government published notice of this civil forfeiture action for thirty (30) consecutive days from August 5, 2015 through September 3, 2015. *See* Doc. No. 7. On August 31, 2015, the Government provided notice of this action to Mr. Choe by certified and first class mail. Doc. No. 10-2 at 1-6. No claims were timely filed and, on November 12, 2015, the Clerk entered default against Mr. Choe. Doc. Nos. 10-12.

On December 10, 2015, the Government filed a Motion for Default Judgment of Forfeiture (the "Motion"). Doc. No. 13 at 1-4. In the Motion, pursuant to Supplemental Rule G(5)(a) and (b), the Government maintains that no claims have been filed with respect to the Funds and the time for doing so has expired. Doc. No. 13 at 3. Accordingly, the Government requests that the Court enter a default judgment of forfeiture, forfeiting all right, title, and interest in the Funds, and vesting clear title to the Funds with the Government. Doc. No. 13 at 4.

## II.     ANALYSIS.

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a). However, the mere entry of default by the Clerk does not in itself warrant the entry of default judgment by the Court. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Id.*; *see Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim."). A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu*, 515 F.2d at 1206). Although it must accept well-pled facts as true, the Court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Local Rule 7.03(i) provides the procedural requirements of the entry of a default judgment in a forfeiture *in rem* action. *Id*. Local Rule 7.03(i)(1) provides that when no person has filed a claim or answer, "the motion for default judgment will be considered by the court without oral argument." *Id*. In this case, the well-pled allegations in the verified Complaint establish that the Funds are monies furnished or exchanged for a controlled substance and, therefore, the Funds are subject to forfeiture. Doc. No. 1 at 3-7; 21 U.S.C. § 881(a)(6). Notice of the Complaint was provided pursuant to the requirements of Supplemental Rule G(4)(a) – (b), and no claims or answers have been timely filed. Accordingly, the Government is entitled to entry of a default judgment of forfeiture, pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure.

### III.   CONCLUSION.

Based on the foregoing, it is **RECOMMENDED** that the Court enter an order:

1. **GRANTING** the Motion (Doc. No. 13);
2. **DIRECTING** the Clerk to enter a default judgment forfeiting to the United States all right, title, and interest in the Funds; and
3. **DIRECTING** the Clerk to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir.

R. 3-1.  **In order to expedite the final disposition of this matter, if the Government has no objection to this report and recommendation, it may promptly file a notice of no objection**.

**RECOMMENDED** in Orlando, Florida on March 11, 2016.

```
_____
         GREGORY J. KELLY
   UNITED STATES MAGISTRATE JUDGE
```

Copies furnished to:

Counsel of Record